# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BINH LY, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 07-3259-CM |
| ) | |
| STATE OF KANSAS, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM AND ORDER

Petitioner Binh Ly, a prisoner at the Lansing Correctional Facility in Lansing, Kansas, seeks to appeal out of time the court's Memorandum and Order denying his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person in State Custody. Before the court are petitioner's Motion to Reopen the Time to File an Appeal (Doc. 17) and Application to Proceed Without Prepayment of Fees and Affidavit by a Prisoner (Doc. 19).

Petitioner was convicted by a jury of felony murder and aggravated burglary, and is serving a controlling sentence of life imprisonment. The Kansas Supreme Court affirmed his convictions on appeal in *State v. Ly*, 85 P.3d 1200 (Kan. 2004), *cert. denied*, 541 U.S. 1090 (2004). His petition pursuant to Kan. Stat. Ann. § 60-1507 was denied without a hearing, and the Kansas Court of Appeals affirmed the denial. *See Ly v. State*, No. 94,732, 2006 WL 3231373 (Kan. Ct. App. Nov. 3, 2006), *rev. denied* (Kan. Feb 14, 2007). This habeas petition followed, and in a Memorandum and Order dated December 2, 2009, this court denied the petition. On May 27, 2010, petitioner filed the instant motion to reopen time for appeal. He asserts that he did not receive a copy of the Memorandum and Order denying his petition. He supports this assertion by way of his own sworn affidavit, indicating that he only learned of the disposition of his case after receiving, on April 5,

2010, a copy of the docket calendar, which he had requested from the clerk. Petitioner has filed a notice of appeal. (Doc. 18.) The State has filed no response.

A timely filing of a notice of appeal in a civil case is mandatory and jurisdictional. *Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006). In civil actions generally, a notice of appeal must be filed within thirty days after the entry of the judgment. 28 U.S.C. § 2107(a). The district court may extend the time for appeal only under limited circumstances and for a limited time. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5). "[U]pon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal," the district court may "extend the time for appeal upon a showing of excusable neglect or good cause." Additionally, if the court finds that a party entitled to notice of the entry of a judgment or order did not receive such notice . . . within 21 days of its entry," and that no party would be prejudiced, "the court may, upon motion filed within 180 days after entry of the judgment or within 7 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal." 28 U.S.C. § 2107(c).

Based on the record before it, the court finds that petitioner did not receive notice of the court's December 2, 2009 Memorandum and Order denying his § 2254 petition until on or after April 5, 2010. And indeed, at that point, he only received a copy of the docket sheet. It is unclear to the court whether petitioner has ever received a copy of the court's 17-page Memorandum and Order disposing of his petition. For this reason, the court finds that the 7-day receipt-of-notice provision is not the appropriate measure of whether the instant motion fits within the § 2107(c) exception. Petitioner filed this motion within 180 days from entry of judgment; petitioner shows good cause

and excusable neglect; and the court finds no party would be prejudiced. The court finds that petitioner's *pro se* motion to reopen the time to appeal should be granted.

For these reasons, the Notice of Appeal (Doc. 18) filed contemporaneously with the instant motion is considered timely-filed.

In addition, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Petitioner has not offered any reasons why a certificate of appealability is appropriate. For the reasons stated in the court's Memorandum and Order filed December 2, 2009, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. However, the court has reviewed his application and finds that, should petitioner proceed, he may do so *in forma pauperis*.

3

**IT IS THEREFORE ORDERED** that the Motion to Reopen the Time to File an Appeal (Doc. 17) is granted.

**IT IS FURTHER ORDERED** that the Application to Proceed Without Prepayment of Fees and Affidavit by a Prisoner (Doc. 19) is granted.

**IT IS FURTHER ORDERED** that the Notice of Appeal filed May 27, 2010 (Doc. 18) is considered timely-filed.

**IT IS FURTHER ORDERED** that the court declines to issue a certificate of appealability in this case.

The Clerk is directed to mail to petitioner a copy of this order, along with a copy of the court's December 2, 2009 Memorandum and Order.

Dated this 28th day of June, 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**